10-1995-ag
Dong v. Holder

BIA
LaForest, IJ
A088 376 087

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

XING FU DONG,
> *Petitioner,*

v.                                          10-1995-ag
                                            NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Veronica Frösen, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Paul T. Cygnarowicz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xing Fu Dong, a native and citizen of the People's Republic of China, seeks review of a April 21, 2010, order of the BIA affirming the April 15, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest, which denied Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Fu Dong,* No. A088 376 087 (B.I.A. Apr. 21, 2010), *aff'g* No. A088 376 087 (Immig. Ct. N.Y. City Apr. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ reasonably relied on inconsistencies between Dong's asylum application and his testimony regarding: (1) the date he entered the United States; (2) where he was staying at the time family planning officials destroyed his home; and (3) where he was staying when family planning officials were looking for him in 2005. The IJ also reasonably relied on Dong's non-responsive testimony after questions had been repeated to him and his most comfortable dialect had been verified. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (stating that the Court defers to an IJ's assessment of demeanor). Dong's explanations that he was nervous and confused do not compel us to find error in the IJ's decision. *See id.* at 80-81 (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

To the extent Dong argues that the discrepancies in his testimony were not significant, the IJ was entitled to rely on the inconsistencies in assessing the totality of the circumstances, no matter how "minor," because Dong's

application is governed by the Real ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Finally, contrary to Dong's assertions, the IJ did not have a duty to further develop the record because the burden of establishing eligibility for asylum rested with Dong, *see* 8 C.F.R. § 208.13(a), and the IJ did attempt to have Dong clarify his inconsistent answers. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 148 n.5 (2d Cir. 2008) (noting that this Court has not held that an IJ has a duty to develop the record other than "to identify and probe perceived inconsistencies").

Given the inconsistencies and the demeanor finding, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B). Because Dong's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for denial of his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk